Opinion by
Will-son, J.
§218. Damages; injury to person; mental suffering. In an action for damages for personal injuries, mental suffering may be estimated as a basis for damages, and is not restricted to that which arises from the bodily pain inflicted. [W. & W. Con. Rep. § 255; 3 Sutherland on Dam. 715; Field on Dam. 70,104, 667; 2 Greenl. Ev. §267.]
§ 219. Same; not affected by unskilful treatment of surgeon, etc., when. It is well settled that the fact that the plaintiff’s injury has been aggravated by the mistake of a competent surgeon, whom he employed in good faith, will not have the effect to reduce the damages. [Pierce on Bailroads, 304; Cooley on Torts, 683.] “If, through the negligence of A., B. suffers an injury without his own fault, A. is answerable for it; but he is not answerable for any aggravation of the injury produced by the subsequent negligence of B. The rule under this head is, that where the primary cause of the damage was the negligence of the defendant, the plaintiff will be entitled to the full amount of the damages sustained, *170 unless the damage has been incurred by his own subsequent negligence, and whether this is so or not will be a question for the jury. If A. has received a physical injury for which B. is liable, and A. exercises reasonable care under the circumstances in the selection of a physician or surgeon to treat the wound, but notwithstanding this the hurt is aggravated by the unskilful treatment of the physician or surgeon thus employed, A. may recover of B. the enhanced damages produced by the unskilful treatment; they are deemed to follow proximately from B.’s wrong.” [2 Thompson on Neg. 1091.]
May 31, 1884.
§ 220. New trial; motion for, on ground of newly discovered evidence. A motion for a new trial, upon the ground of newly discovered evidence, in addition to other requisites, must show fully the reasons and circumstances which rendered it impossible to obtain the testimony at the trial. The facts must be stated, from which the court may determine whether the diligence required to obtain the testimony was used, or, if no diligence was used, then the facts which are relied upon to excuse the want of diligence. [W. & W. Con. Rep. §§ 711, 1078.]
Affirmed.